[Civ. No. 37681. Second Dist., Div. Two. Dec. 2, 1971.]

Estate of GEORGE G. BRUBAKER, Deceased.
HOUSTON I. FLOURNOY, as State Controller,
Petitioner and Appellant, v.
BANK OF AMERICA, as Executor, etc., Objector and Respondent.

## COUNSEL

Myron Siedorf, Walter H. Miller and Phyllis Kelly Fairbanks for Petitioner and Appellant.

Newlin, Tackabury & Johnston and Stuart W. Lapp for Objector and Respondent.

## OPINION

**FLEMING, J.**—The State Controller appeals an order of the probate court fixing inheritance tax in the estate of George G. Brubaker.

George died on 18 April 1967. His estate consisted entirely of community property. In his will George put his wife, Ruth, to a widow's election: he declared his intention to dispose by will of all community property, including Ruth's share. If Ruth should elect to take the community property share accorded her by law she would receive nothing under the will, and George's share of the community property would go to their daughter

Barbara. If Ruth should elect to forego her community property rights and take under the will, she would receive a family allowance, the house and furniture, and a life estate in the balance of the community property with the remainder going to daughter Barbara. Ruth elected to take under the will.

Probate Code section 201 provides that upon the death of a spouse, half the community property belongs to the surviving spouse, and the other half becomes subject to the testamentary disposition of decedent. Revenue and Taxation Code section 13551 provides in relevant part that upon the death of a spouse (a) none of the community property transferred to a spouse is subject to inheritance tax, and (b) all the decedent's half interest in the community property passing to anyone other than the surviving spouse becomes subject to inheritance tax.

The value of George's estate was $1,169,000.[1] Expenses and claims against the estate totalled $181,000. The remaining $988,000, the available estate, consisted of Ruth's family allowance, $54,000; the house and furniture, $56,000; Ruth's life estate, $325,000; and Barbara's remainder interest, $553,000. Barbara thus received roughly 60 per cent of the community property.

The inheritance tax appraiser reported an inheritance tax on Barbara's remainder interest based on a valuation of $467,000, the amount Barbara would have received if Ruth had elected to take her community property share instead of under the will.[2] Under the appraiser's theory a gift tax would be payable on the balance of Barbara's remainder interest ($86,000) as a gift of property from Ruth to Barbara. The executor objected to the

---

[1] Dollar amounts are given in rounded thousands.

In addition, an annuity, valued at $24,000, and property held in joint tenancy, valued at $38,000, were listed in the appraiser's report but were not included in the estate. These items are not disputed here.

[2] Value of Remainder interest to Barbara.........................$553,000

| | | |
|---|---|---|
| Available Estate | $988,000 | |
| Family Allowance | − 54,000 | |
| Community Property | 934,000 | |
| George's share to Barbara | x   .5 | − 467,000 |
| Amount not subject to inheritance tax | | $ 86,000 |

The appraiser reached his result in roundabout fashion by subtracting a "gift inclusion" of $86,000 from the value of Barbara's remainder interest ($553,000).

appraiser's report, and the probate court ordered that Barbara's inheritance be taxed on a basis of $249,000, the amount remaining from the available estate after subtraction of Ruth's community property share of the family allowance, half the value of the house and furniture and half the value of Ruth's life estate.[3]

■ The probate court reached this result by adopting the following theory of the executor: George had the right to dispose of only half of the community property. (Prob. Code, § 201.) Through the widow's election clause of his will, George offered to give Ruth a life estate in his half of the community property if Ruth would agree to put her half of the community property into the same life estate and agree that the remainder of the total life estate would go to Barbara. The executor argues that Ruth's acceptance of George's offer did not create a transfer subject to inheritance tax on her half of the community property because the transfer of community property into life estate and remainder interest was brought about by Ruth's election and not by George's death. (See *Estate of Carson*, 234 Cal.App.2d 516, 522-523 [44 Cal.Rptr. 360].) Therefore, only George's half of the community property was taxable (Rev. & Tax. Code, § 13551, subd. (b)), and taxable only to the extent it did not go to Ruth (Rev. & Tax. Code, § 13551, subd. (b)).

The Controller argues we should look at what actually happened. What Ruth got under the will (house and furniture, and life estate) was worth $86,000 less than Ruth's share of the community property ($494,000). When Ruth elected to take under the will, Ruth increased the value of what Barbara was to receive by $86,000, an amount which the Controller classifies as a gift from Ruth to Barbara. In no event could Barbara receive less than $467,000, and that is the amount subject to inheritance tax as the amount flowing to Barbara through beneficial succession. The probate court added erroneously in excluding from inheritance tax not only half the community property belonging to Ruth but also half the remaining bequests to Ruth as also comprising Ruth's share of the community property.

| [3] Available Estate | $988,000 | |
|---|---|---|
| Ruth's half | − 494,000 | |
| George's half | | $494,000 |
| Family Allowance | $ 54,000 | |
| Half of House and furniture | 28,000 | |
| Half of Life Estate | 163,000 | |
| | | $245,000 |
| | | $249,000 |

Acceptance of the executor's argument would allow a testator to change the tax consequences of his testamentary plan merely by changing the characterization of various items. As an extreme example suppose George wanted to leave his half of the community property to Barbara. Such a bequest would be subject to inheritance tax. But, according to the executor's argument, George could leave his half of the community property to Ruth, on condition that Ruth give her half of the community property to Barbara. The economic consequences would be identical whether Barbara receives Ruth's or George's half of the community property, yet, according to the executor's theory no inheritance tax would become payable in the second case, since George's share of the community property went to Ruth and therefore was not subject to inheritance tax and Ruth's share went to Barbara because of Ruth's election, not George's death, and is likewise not subject to inheritance tax.

The fallacy in the executor's argument is that he has counted the wife's share of the community property twice. To illustrate the point in bald fashion, assume a net community estate of $1,000,001 in a will putting the widow to an election to take one dollar under the will on condition that she accept a will which leaves $1,000,000 to daughter Barbara. Under the executor's theory $500,000 of the amount Barbara received would be a gift from Ruth and hence not subject to inheritance tax, and of the balance of $500,000 only $250,000 would be subject to inheritance tax because half of that would likewise be considered a gift from Ruth to Barbara. Thus Barbara would inherit $1,000,000 but pay inheritance tax on only $250,-000.

The Controller sensibly solves these theoretical problems by imposing inheritance tax on amounts actually received by non-spouses up to the value of the testator's share of the community property.

*United States* v. *Stapf,* 375 U.S. 118 [11 L.Ed.2d 195, 84 S.Ct. 248], involved a widow's election where the value of the rights the widow gave up exceeded the value of what she received under the will. The Supreme Court concluded that the widow was not entitled to a marital deduction (" 'the value of any interest in property which passes . . . from the decedent to his surviving spouse' ") for the purposes of federal estate tax because there was no net economic benefit to the widow. Similarly, in *In re Estate of Bomash,* 432 F.2d 308, the court concluded that half the corpus of a trust should be included in the estate of a decedent for federal estate tax purposes by looking to the substance rather than the form of a transaction. Decedent, on the prior death of her husband, had elected to take under his will and allowed him to put all the community property into a trust from which she was to receive half the income for life. The

court held that half the trust belonged in the decedent's estate because "Mrs. Bomash's 'effective position . . . vis-a-vis the property did not change at all.' " (432 F.2d at p. 311.)

The executor relies on *Estate of Carson,* 234 Cal.App.2d 516 [44 Cal. Rptr. 360], a case decided under an earlier form of Revenue and Taxation Code section 13551 and under Revenue and Taxation Code section 13552, since repealed. In that case the widow elected to take under her husband's will. The will set up two trusts, one containing the widow's share of the community property, the other containing the husband's share of the community property. The two trusts were to be administered for the benefit of the widow for life, with the remainder to the children. The court held that the remainder interest of the trust containing the wife's share of the community property was not subject to inheritance tax. *Carson* does not enumerate the relative value of the various interests involved or describe how inheritance taxes and gift taxes were actually imposed on those interests in the particular case. Hence, the holding in *Carson* is not necessarily inconsistent with the position taken by the Controller here, for here the Controller has recognized that the surviving spouse's share of the community property going to a third party does not become subject to inheritance tax.

The order is reversed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 28, 1971, and respondent's petition for a hearing by the Supreme Court was denied January 26, 1972.